UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                   Case No. 05-11653-DHW
                                                        Chapter 13
ANTHONY TYNER,

    Debtor.

## ORDER OVERRULING OBJECTION

Fast Cash Title Exchange ("Fast Cash") filed an objection to the confirmation of the debtor's modified plan.[1] A confirmation hearing on the modified plan was held in Dothan, Alabama on November 29, 2006. At the hearing, the debtor was represented by his attorney, Michael D. Brock, and Fast Cash appeared through its attorney, Barry C. Leavell.

### Jurisdiction

This court's jurisdiction in this matter is derived from 28 U.S.C. § 1334 and from the order of the District Court for this district referring title 11 matters to the Bankruptcy Court. Further, at issue is the confirmation of a plan, which is a core proceeding under 28 U.S.C. § 157. As a result, this court's jurisdiction extends to the entry of a final order or judgment.

### Facts

The facts are undisputed and are summarized here. The debtor's original plan provided for the claim of Fast Cash, treating it as secured. Schedule D lists a 1986 Chevrolet pickup as the security for the loan. The plan provided that the claim of approximately $400 would be paid in full together with interest at 8% and at the rate of $16 per month. Fast Cash did not object to the plan's confirmation. The plan provided for 100% payment on allowed unsecured claims.

---

[1] The debtor's original plan was confirmed on October 27, 2005. The modified plan was filed on August 25, 2006 (Doc. #32).

After the plan was confirmed, the stay was lifted with respect to the debtor's mobile home, and it was repossessed. That repossession, however, resulted in a deficiency claim of over $20,000. Due to this large deficiency claim, the debtor was forced to modify the plan to pay unsecured creditors less than in full. The modified plan does not alter any of the provisions of the original plan with respect to the treatment of Fast Cash's claim.

Legal Conclusions

Fast Cash contends that its transaction with the debtor is not a secured transaction but a pawn transaction. Nevertheless, Fast Cash does not oppose having its claim treated as a secured transaction provided that the rate at which its claim is being paid is increased. It contends that the proposed rate, $16 per month, is too small to afford adequate protection. The court disagrees on both scores.

The debtor's original plan, which was confirmed on October 27, 2005, was unopposed by Fast Cash. With respect to the effect of that confirmation, the statute provides:

> The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

11 U.S.C. § 1327(a). Hence, upon confirmation of the debtor's original plan, Fast Cash was bound by its terms. Those terms were that Fast Cash would be treated as a secured creditor, that the claim would be paid at the rate of $16 per month, and that interest at 8% would accrue on the claim until paid. Again, those terms are binding as a result of the res judicata effect of § 1327(a). *See Universal American Mortgage Co. v. Bateman (In re Bateman)*, 331 F.3d 821, 829 (11th Cir. 2003); *Russo v. Seidler (In re Seidler)*, 44 F.3d 945, 948 (11th Cir. 1995) (confirmed plan bars issues "properly within the scope of the confirmation hearing").

The debtor's plan modification addressed only those creditors

holding unsecured claims. The modification is in no way directed at the treatment of Fast Cash's claim. Should the court recognize Fast Cash's objection at this late date, it would in effect be giving that creditor a second bite at the apple and violate the res judicata effect of § 1327.

Conclusion

For these reasons Fast Cash's objection to confirmation of the debtor's modified plan cannot be sustained. Accordingly, it is

ORDERED that Fash Cash's objection to confirmation is OVERRULED. The debtor's modified plan will be CONFIRMED by separate order.

Done this the 8th day of December, 2006.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtor
   Michael D. Brock, Debtor's Attorney
   Barry C. Leavell, Creditor's Attorney
   Curtis C. Reding, Chapter 13 Trustee